MATTER OF CHEUNG

In Deportation Proceedings

A-15746716

*Decided by Board June 14, 1977*

(1) Respondent submitted a request for asylum on October 2, 1974, which was patently without substance, in that he sought to avoid deportation to China while his deportation orders specified he should be deported to Hong Kong. He also submitted requests for relief under section 243(h) of the Immigration and Nationality Act on December 1, 1975, (withdrawn on January 6, 1976) and on January 16, 1976. However, these requests for withholding of deportation under section 243(h) were not supported by evidence or affidavits as required by 8 C.F.R. 103.5 and 8 C.F.R. 242.22. In the circumstances, both the asylum request and the section 243(h) requests were frivolous and dilatory, and for that reason the instant motion to reconsider will be denied.

(2) Repeated legal actions initiated on a claim whose substance has repeatedly been found lacking can validly be termed dilatory. Dilatoriness is not determined by the number of actions filed but by the nature of the claim and patent lack of merit.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—remained longer than permitted

ON BEHALF OF RESPONDENT: Emmanuel A. Moore, Esquire
168 Canal Street
New York, New York 10013

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The respondent, a native and citizen of China, has submitted a motion to reconsider our decision of April 7, 1977, dismissing his appeal from the decision of the immigration judge denying the respondent's motion to reopen proceedings. The respondent sought reopening for the purpose of applying for a new grant of voluntary departure. In our previous decision, we dismissed the appeal on the ground that the respondent, found deportable in May, 1974 and granted a long-since-expired term of voluntary departure, had prolonged his stay in the United States through the use of dilatory tactics, and thus did not merit a reopening of proceedings for the purpose of applying for a new grant of voluntary departure. For the reasons that follow, the present motion to reconsider will be denied.

The respondent, through counsel, requests that we reconsider our conclusion that his stay in the United States has been prolonged unduly through the use of dilatory tactics. He argues that this label should not lightly be attached to his attempts to vindicate his rights under the law. He therefore argues that we should not find that his various legal actions should now disqualify him from a reopening of proceedings to apply for a new grant of voluntary departure.[1]

We should be loath to quickly attach a label of frivolousness and dilatoriness to a respondent's vigorous and persistent exercise of his legal rights. Such a policy could only result in the imposition of a subtle penalty for pursuing a claim to the full extent of the law. This is especially so when the respondent's legal actions are based, as in this case, on a claim to refugee status. Nonetheless, when repeated legal actions are initiated on a claim whose substance has repeatedly been found nil, the respondent's motives in continued prosecution will of necessity become suspect, and the label of dilatoriness will validly attach.

The issue before us is whether the record supports the characterization of the respondent's legal actions as frivolous and dilatory. We must therefore analyze the respondent's various legal maneuvers, and attempt, *post hoc*, to render an assessment of their merits. That these actions were ultimately unsuccessful is not conclusive to our inquiry, which is, after all, the respondent's motivations. However, repeated lack of success in different forums in the prosecution of similar claims is clearly relevant to the respondent's motives.

The respondent is a crewman who entered the United States on January 28, 1973, and who overstayed the 29-day term allowed him as shore leave. On May 17, 1974, he was found deportable under section 241(a)(2) of the Immigration and Nationality Act, and granted the privilege of departing voluntarily in lieu of deportation before July 17, 1974, with an alternative order for deportation to Hong Kong and Taiwan. A warrant of deportation was issued on September 16, 1974. On October 2, 1974, the respondent filed an application for stay of deportation pending a final decision on his request for asylum. This claim was based on the argument that the respondent's true domicile was the People's Republic of China, although he had fled that country to Hong Kong in 1953. The requests for asylum and stay of deportation were denied by the District Director on October 7, 1974. However, the respondent's deportation was stayed under the decision in *Chim Ming* v. *Marks*, 505 F.2d 1170 (2 Cir. 1974), cert. denied 421 U.S. 911 (1975),

---

[1] The respondent is apparently now eligible for fifth-preference benefits due to the recent naturalization of his brother.

which applied to potential refugees. The stay in *Chim Ming* v. *Marks, supra,* expired on September 9, 1975.

On December 1, 1975, the respondent moved for reopening of his deportation proceedings in order to submit a request for withholding of deportation to Hong Kong under section 243(h) of the Act. On January 6, 1976, the respondent withdrew this motion to reopen, and requested that his deportation to Hong Kong be effected immediately. However, on January 16, 1976, a new motion for reopening was submitted, again requesting an opportunity to apply for relief under section 243(h) of the Act. This motion was treated as another request for asylum by the District Director, and denied by him. However, the motion was also forwarded to the immigration judge for consideration of the respondent's motion to reopen. A stay of deportation was granted during the pendency of the proceedings. On December 1, 1976, the immigration judge denied the respondent's motion to reopen. The respondent retained present counsel on January 31, 1977. A motion to reopen for the purpose of permitting the respondent to apply for an additional grant of voluntary departure was submitted on January 31, 1977. A stay of deportation was apparently obtained when a Federal District Court issued a temporary restraining order. On February 3, 1977, the immigration judge denied the respondent's motion to reopen, on the ground that the respondent had engaged in dilatory legal actions. We dismissed the respondent's appeal from that decision on April 7, 1977.

Summarizing this rather complex history of the respondent's legal maneuvers, we find that the respondent has submitted one request for asylum, and, if the two motions of December 1, 1975, and January 16, 1976, are considered as one [2], one motion for reopening for the purpose of presenting a claim under section 243(h) of the Act.

A request for asylum, if denied, may be renewed as a claim for relief under section 243(h) in a subsequent deportation hearing. See 8 C.F.R. 108.2. Thus, the fact that the respondent has made a claim to asylum followed by a motion to reopen would not alone compel a conclusion that the respondent has been dilatory.

However, it is not the *number* of actions which compels us to find that the respondent's actions have been dilatory. Rather, it is the *nature* of these actions, and their patent lack of merit, which compels that conclusion. The original request for asylum, filed on October 2, 1974, was patently without substance: the respondent sought to avoid deportation to the People's Republic of China while his order of deportation specified that he should be deported to Hong Kong. This frivolous claim brought the respondent within the terms of the stay of deportation granted by

---

[2] The delay caused by the January 6, 1976, withdrawal only amounts to 10 days.

the court in *Chim Ming* v. *Marks, supra,* engendering a delay of some 11 months.

Similarly, the respondent's motion to reopen proceedings for consideration of his claim to relief under section 243(h) of the Act, submitted on December 1, 1975, withdrawn January 6, 1976, and resubmitted on January 16, 1976, was patently frivolous. This motion, submitted by experienced counsel, was entirely unsupported by evidence or affidavits as required by 8 C.F.R. 103.5 and 242.22, and did not state the nature of the persecution to which the respondent would allegedly be subject upon his return to Hong Kong. This motion engendered a delay of another 11 months.

We do not question the motives or actions of present counsel in submitting the present motion to reopen for the purpose of allowing the respondent to apply for a new grant of voluntary departure. The present action, in view of the respondent's apparent eligibility for fifth-preference benefits under the Act, is entirely proper. However, the actions of the respondent through his previous counsel appear to have been calculated solely, through the submission of spurious motions, to unduly delay his legally-mandated departure from the United States. We shall therefore deny the present motion to reconsider.

**ORDER:** The motion is denied.